**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☒ Chapter 13

☐ Check if this an
amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy
**12/15**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| **1.** | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **David**<br>First name | **Ellen**<br>First name |
| | | **J.**<br>Middle name | **J.**<br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Heyer**<br>Last name and Suffix (Sr., Jr., II, III) | **Heyer**<br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | **David Heyer**<br>**David J. Heyer, Jr.**<br>**Dave Heyer**<br>**D Heyer**<br>**David J. Heyer** | **Ellen Heyer** |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-5796** | **xxx-xx-7507** |

| Debtor 1 | **David J. Heyer** |
|---|---|
| Debtor 2 | **Ellen J. Heyer** |

Case number *(if known)* _____

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

**5. Where you live**

**4808 Johnson Avenue**
**Western Springs, IL 60558-1725**
Number, Street, City, State & ZIP Code

**Cook**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.**  Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

Debtor 1    **David J. Heyer**

Debtor 2    **Ellen J. Heyer**
_____

Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.  The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐  Chapter 7

☐  Chapter 11

☐  Chapter 12

☒  Chapter 13

**8.  How you will pay the fee**

☒  **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐  **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐  **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.  Have you filed for bankruptcy within the last 8 years?**

☒  No.

☐  Yes.

| | District _____ | When _____ | Case number _____ |
|---|---|---|---|
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☒  No

☐  Yes.

| | Debtor _____ | | Relationship to you _____ |
|---|---|---|---|
| | District _____ | When _____ | Case number, if known _____ |
| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |

**11.  Do you rent your residence?**

☒  No.    Go to line 12.

☐  Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐  No. Go to line 12.

☐  Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1    **David J. Heyer**

Debtor 2    **Ellen J. Heyer**

Case number *(if known)* _____

---

| Part 3: | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor?***

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☑ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| Part 4: | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.    What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____

_____
Number, Street, City, State & Zip Code

---

| Debtor 1 | **David J. Heyer** | |
|---|---|---|
| Debtor 2 | **Ellen J. Heyer** | Case number *(if known)* |

**Part 5:**    **Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15.** **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | **David J. Heyer** | | Case number *(if known)* | |
| Debtor 2 | **Ellen J. Heyer** | | | |

## Part 6:    Answer These Questions for Reporting Purposes

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ No. Go to line 16b.

☐ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

■ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

---

**17.** Are you filing under Chapter 7?

■ No.    I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

## Part 7:    Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| /s/ David J. Heyer | /s/ Ellen J. Heyer |
|---|---|
| **David J. Heyer** | **Ellen J. Heyer** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| | |
| Executed on    **November 15, 2016** | Executed on    **November 15, 2016** |
| MM / DD / YYYY | MM / DD / YYYY |

| Debtor 1 | **David J. Heyer** | |
|---|---|---|
| Debtor 2 | **Ellen J. Heyer** | |

Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ J. Kevin Benjamin ARDC #:** _____          Date    **November 15, 2016**
Signature of Attorney for Debtor                                                MM / DD / YYYY

**J. Kevin Benjamin ARDC #:** _____
Printed name

**Benjamin | Brand | LLP**
Firm name

**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**
Number, Street, City, State & ZIP Code

Contact phone    **(312) 853-3100**          Email address    **attorneys@benjaminlaw.com**

**6202321**
Bar number & State

---

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

## Chapter 11: Reorganization

| | | |
|---|---:|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $75 | administrative fee |
| | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $75 | administrative fee |
| | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

> domestic support obligations,
>
> most student loans,
>
> certain taxes,
>
> debts for fraud or theft,
>
> debts for fraud or defalcation while acting in a fiduciary capacity,
>
> most criminal fines and restitution obligations,
>
> certain debts that are not listed in your bankruptcy papers,
>
> certain debts for acts that caused death or personal injury, and
>
> certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

# United States Bankruptcy Court
## Northern District of Illinois

In re  **David J. Heyer**
       **Ellen J. Heyer**
                                                    Case No.
                                    Debtor(s)       Chapter      **13**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                    **64**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **November 15, 2016**          **/s/ David J. Heyer**
                                       **David J. Heyer**
                                       Signature of Debtor

Date:  **November 15, 2016**          **/s/ Ellen J. Heyer**
                                       **Ellen J. Heyer**
                                       Signature of Debtor

Amex
Correspondence
Po Box 981540
El Paso, TX 79998


Amex
Po Box 297871
Fort Lauderdale, FL 33329


Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27410


Bank Of America
Po Box 45144
Jacksonville, FL 32232


Brooks Tarulis Tibble
101 N. Washington
Naperville, IL 60540


Brooks Tarulis Tibble
1733 Park Street
Suite 100
Naperville, IL 60563


Burlington Builders, LLC
737 S. Burlington Avenue
Los Angeles, CA 90057-4100


Capital One
Po Box 30285
Salt Lake City, UT 84130


Capital One
15000 Capital One Dr
Richmond, VA 23238


Capital One / Menard
Attn: Bankruptcy Dept
Po Box 30258
Salt Lake City, UT 84130

Capital One / Menard
Po Box 30253
Salt Lake City, UT 84130


Cardworks/CW Nexus
Pob 9201
Old Bethpage, NY 11804


Cardworks/CW Nexus
Po Box 9201
Old Bethpage, NY 11804


Chequers of LaGrange
100 W. Burlington Avenue
La Grange, IL 60525


Chequers of Saugatuck
220 Culver
Saugatuck, MI 49453


Credit One Bank Na
Po Box 98873
Las Vegas, NV 89193


Credit One Bank Na
Po Box 98872
Las Vegas, NV 89193


Cunningham Dalman, P.C.
321 Settlers Road
Suite 2
Holland, MI 49423


First National Bank of LaGrange
Attn: William Iaculla, Exec VP
620 W. Burlington
La Grange, IL 60525


First National Bank of LaGrange
c/o Fox Hefter Swibel & Carro
200 W. Madison Street
Chicago, IL 60606

First Svgs Bk-blaze
Po Box 5096
Sioux Falls, SD 57117


First Svgs Bk-blaze
5501 S Broadband Ln
Sioux Falls, SD 57108


FNBC Bank & Trust
c/o Greiman Rome Griesmeyer
2 N. LaSalle Street, Suite 1602
Chicago, IL 60602


FNBC of LaGrange, Inc.
600 W. Burlington Avenue
La Grange, IL 60525


Ford Motor Credit
National Bankruptcy Service Center
Po Box 62180
Colorado Springs, CO 80962


Ford Motor Credit
Po Box Box 542000
Omaha, NE 68154


Greiman, Rome & Griesmeyer, LLC
Attention: Adam B. Rome, Esq.
200 W. Madison Street, Suite 755
Chicago, IL 60606


Hinsdale B&t
25 E. First Street
Hinsdale, IL 60521


Hinsdale Bank & Trust
Attention: Collections
25 East First Street
Hinsdale, IL 60521


Hinsdale Bank & Trust
Attention: Collections
25 East First St.
Hinsdale, IL 60521

Illinois Department of Revenue
Bankruptcy Section
POB 64338
Chicago, IL 60664-0338


Independent Bank
86 Monroe Center NW
Grand Rapids, MI 49503


Independent Bank
c/o Clark Hill, PLC
130 E. Randolph Street, Suite #390
Chicago, IL 60601


Internal Revenue Service
Centralized Insolvency Operation
POB 7317
Philadelphia, PA 19101-7317


Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346


Jeffrey Hucek
2001 Spring Road
Suite 450
Oak Brook, IL 60523


Jeffrey M. Hucek, Esq.
2001 Spring Road
Suite 450
Oak Brook, IL 60523


Kohls/Capital One
Po Box 3120
Milwaukee, WI 53201


Kohls/Capital One
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051


Mb Fin Svcs
6111 N River Rd
Rosemont, IL 60018

Nordstrom Fsb
Correspondence
Po Box 6555
Englewood, CO 80155


Nordstrom Fsb
13531 E Caley Ave
Englewood, CO 80111


Nova Initia, LLC-4808 Johnson Ave.
620 W. Burlington Avenue
La Grange, IL 60525


Old Second National Bank
1881 Commerce Drive
Suite 106
Elk Grove Village, IL 60007


Sheriff of Cook County
50 W. Washington
7th Floor
Chicago, IL 60602


Square One Financial/Cach Llc
Po Box 5980
Denver, CO 80127


Square One Financial/Cach Llc
Pob 5980
Denver, CO 80127


SST/Columbus Bank & Trust
Attn: Bankruptcy Dept
Po Box 3997
St Joseph, MO 64503


SST/Columbus Bank & Trust
Po Box 3997
Saint Joseph, MO 64503


State Bank Of The Lakes
440 Lake St
Antioch, IL 60002

State Bank of the Lakes
c/o Crowley and Lamb, P.C.
221 North LaSalle Street
Chicago, IL 60601


Swanson Martin Bell LLP
330 N. Wabash Street
Chicago, IL 60611


Syncb/discount Tire
Po Box 965064
Orlando, FL 32896


Syncb/discount Tire
C/o Po Box 965036
Orlando, FL 32896


Synchrony Bank
Po Box 965064
Orlando, FL 32896


Synchrony Bank
C/o Po Box 965036
Orlando, FL 32896


Synchrony Bank/AVB Buying Group
Po Box 965064
Orlando, FL 32896


Synchrony Bank/AVB Buying Group
C/o Po Box 965036
Orlando, FL 32896


Synchrony Bank/Old Navy
Po Box 965064
Orlando, FL 32896


Synchrony Bank/Old Navy
Po Box 965005
Orlando, FL 32896


Synchrony Bank/Sams Club
Po Box 965064
Orlando, FL 32896

Synchrony Bank/Sams Club
Po Box 965005
Orlando, FL 32896

Volkswagen Credit, Inc
Po Box 3
Hillsboro, OR 97123

Wintrust Financial Corporation
9700 W. Higgins Road
Des Plaines, IL 60018

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **David J. Heyer**
**Ellen J. Heyer**
_____   Case No.
Debtor(s)   Chapter   **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**David J. Heyer**
**Ellen J. Heyer**
_____   X   **/s/ David J. Heyer**          **November 15, 2016**
Printed Name(s) of Debtor(s)          Signature of Debtor          Date

Case No. (if known) _____   X   **/s/ Ellen J. Heyer**          **November 15, 2016**
Signature of Joint Debtor (if any)          Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

### INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

(1)     the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2)     the effect of receiving a discharge of debts
(3)     the effect of reaffirming a debt; and
(4)     your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

### WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

### WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

### WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

### OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,347,500 ($336,900 in unsecured debts and $1,010,650 in secured debts).

### AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| /s/ David J. Heyer | November 15, 2016 | /s/ Ellen J. Heyer | November 15, 2016 |
|---|---|---|---|
| Debtor's Signature | Date | Joint Debtor's Signature | Date |

## 11 U.S.C. § 527(a)(2) Disclosure

In accordance with section 527(a)(2) of the Bankruptcy Code, be advised that:

1. All information that you are required to provide with a bankruptcy petition and during a bankruptcy case must be complete, accurate, and truthful.

2. All assets and liabilities must be completely and accurately disclosed, with the replacement value of each asset as defined in section 506 listed after reasonable inquiry to establish such value.

3. Current monthly income, the amounts specified in the "means test" under section 707(b)(2), and disposable income in chapter 13 cases must be stated after reasonable inquiry.

4. Information that you provide during your bankruptcy case may be audited, and the failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

B2000 (Form 2000) (04/16)

# UNITED STATES BANKRUPTCY COURT
# REQUIRED LISTS, SCHEDULES, STATEMENTS AND FEES
### Chapter 13 Case

☐    **Filing fee of $235.** If the fee is to be paid in installments, the debtor must file a signed application for court approval. Official Form 103A and Fed.R.Bankr.P. 1006(b).

☐    **Administrative fee of $75.** If the court grants the debtor's request, this fee is payable in installments.

☐    **Voluntary Petition for Individuals Filing for Bankruptcy** (Official Form 101). **Names and addresses of all creditors** of the debtor. Must be filed WITH the petition. Fed.R.Bankr.P. 1007(a)(1).

☐    **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 2010), if applicable. Required if the debtor is an individual with primarily consumer debts.  The notice must be GIVEN to the debtor before the petition is filed.  Certification that the notice has been given must be FILED with the petition or within 15 days.  11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 1307(c)(9).  Official Form 101 contains spaces for the certification.

☐    **Bankruptcy Petition Preparer's Notice, Declaration, and Signature** (Official Form 119).  Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition.  11 U.S.C. § 110(b)(2).

☐    **Statement of Social Security Number** (Official Form 121). Must be submitted WITH the petition. Fed.R.Bankr.P. 1007(f).

☐    **Credit Counseling Requirement** (Official Form 101); **Certificate of Credit Counseling and Debt Repayment Plan,** if applicable; **Section 109(h)(3) certification or § 109(h)(4) request,** if applicable. If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or  within 14 days. If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition.  Fed.R.Bankr.P. 1007(b)(3), (c).

☐    **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 2800). Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition.  11 U.S.C. §110(h)(2).

☐    **Statement of Your Current Monthly Income, etc.** (Official Form 122C). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007.

☐    **Schedules of Assets and Liabilities** (Official Form 106). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐    **Schedule of Executory Contracts and Unexpired Leases** (Schedule G of Official Form 106). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐    **Schedules of Current Income and Expenditures.** (Schedules I and J of Official Form 106). Must be filed with the petition or within 14 days. 11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☐    **Statement of Financial Affairs** (Official Form 107). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐    **Copies of all payment advices or other evidence of payment** received by the debtor from any employer within 60 days before the filing of the petition. Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐    **Chapter 13 Plan.** Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 3015.

☐    **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 2030), if applicable. Must be filed within 14 days or any other date set by the court. 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐    **Certificate About a Financial Management Course** (Official Form 423), if applicable.  Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b), unless the course provider has notified the court that the debtor has completed the course. 11 U.S.C. § 1328(g)(1) and Fed.R.Bankr.P. 1007(b)(7), (c).

☐    **Statement concerning pending proceedings of the kind described in § 522(q)(1),** if applicable. Required if the debtor has claimed exemptions under state or local law as described in §522(b)(3) in excess of $160,375[*]. Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b).  11 U.S.C. § 1328(h) and Fed.R.Bankr.P. 1007(b)(8), (c).

---

[*] Amount subject to adjustment on 4/1/19 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>Official Form 6I</u>

# Instructions for Schedule I: Your Income

United States Bankruptcy Court                                    12/01/13

---

### How to fill out Schedule I

In *Schedule I: Your Income* (Official Form 6I), you will give the details about your employment and monthly income as of the date you file this form. If you are married and your spouse is living with you, include information about your spouse even if your spouse is not filing with you. If you are separated and your spouse is not filing with you, do not include information about your spouse.

### How to report employment and income

If you have nothing to report for a line, write $0.

In Part 1, line 1, fill in employment information for you and, if appropriate, for a non-filing spouse. If either person has more than one employer, attach a separate page with information about the additional employment.

In Part 2, give details about the monthly income you currently expect to receive. Show all totals as monthly payments, even if income is not received in monthly payments.

If your income is received in another time period, such as daily, weekly, quarterly, annually, or irregularly, calculate how much income would be by month, as described below.

If either you or a non-filing spouse has more than one employer, calculate the monthly amount for each employer separately, and then combine the income information for all employers for that person on lines 2-7.

One easy way to calculate how much income per month is to total the payments earned in a year, then divide by 12 to get a monthly figure. For example, if you are paid seasonally, you would simply divide the amount you expect to earn in a year by 12 to get the monthly amount.

Below are other examples of how to calculate monthly amount.

---

### Example for quarterly payments:

If you are paid $15,000 every quarter, figure your monthly income in this way:

```
  $15,000  income every quarter
X       4  pay periods in the year
  $60,000  total income for the year
```

$$\frac{\$60,000 \ (income \ for \ year)}{12 \ (number \ of \ months \ in \ year)} = \$5,000 \ monthly \ income$$

---

### Example for bi-weekly payments:

If you are paid $2,500 every other week, figure your monthly income in this way:

```
  $2,500  income every other week
X     26  number of pay periods in the year
 $65,000  total income for the year
```

$$\frac{\$65,000 \ (income \ for \ year)}{12 \ (number \ of \ months \ in \ year)} = \$5,417 \ monthly \ income$$

---

### Example for weekly payment:

If you are paid $1,000 every week, figure your monthly income in this way:

```
  $1,000  income every week
X     52  number of pay periods in the year
 $52,000  total income for the year
```

$$\frac{\$52,000 \ (income \ for \ year)}{12 \ (number \ of \ months \ in \ year)} = \$4,333 \ monthly \ income$$

---

**Example for irregular payments:**

If you are paid $4,000 8 times a year, figure your monthly income in this way:

$4,000   *income a payment*
X      8   *payments a year*
$32,000   *income for the year*

$32,000   (*income for the year*)   = $2,667 *monthly income*
12   (*number of months in year*)

**Example for daily payments:**

If you are paid $75 a day and you work about 8 days a month, figure your monthly income in this way:

$75   *income a day*
X     96   *days a year*
$7,200   *total income for the year*

$7,200   (*income for year*)         = $600 *monthly income*
12   (*number of months in year*)

**or this way:**

$75   *income a day*
X       8   *payments a month*
$600   *income for the month*

In Part 2, line 11, fill in amounts that other people provide to pay the expenses you list on *Schedule J: Your Expenses*. For example, if you and a person to whom you are not married pay all household expenses together and you list all your joint household expenses on *Schedule J*, you must list the amounts that person contributes monthly to pay the household expenses on line 11. If you have a roommate and you divide the rent and utilities, do not list the amounts your roommate pays on line 11 if you have listed only your share of those expenses on *Schedule J*. Do not list on line 11 contributions that you already disclosed elsewhere on the form.

Note that the income you report on *Schedule I* may be different from the income you report on other bankruptcy forms. For example, the *Statement of Current Monthly Income and Means Test Calculation (Chapter 7)* (Official Form 22A), *Statement of Current Monthly Income (Chapter 11)* (Official Form 22B), and the *Statement of Current Monthly Income and Calculation of Commitment Period (Chapter 13)* (Official Form 22C) all use a different definition of income and apply that definition to a different period of time. *Schedule I* asks about the income that you are now receiving, while the other forms ask about income you received in the applicable time period before filing. So the amount of income reported in any of those forms may be different from the amount reported here.

If, after filing *Schedule I*, you need to file an estimate of income in a chapter 13 case for a date after your bankruptcy, you may complete a supplemental *Schedule I*. To do so you must check the "supplement" box at the top of the form and fill in the date.

**Understand the terms used in this form**

This form uses *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, this form uses *you* to ask for information from both debtors. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

**Things to remember when filling out this form**

Be as complete and accurate as possible.

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

If two married people are filing together, both are equally responsible for supplying correct information.

**Do not file these instructions with your bankruptcy filing package. Keep them for your records.**

<u>Official Form 6J</u>

# Instructions for Schedule J: Your Expenses

United States Bankruptcy Court                                              12/01/13

## How to Fill Out Schedule J

*Schedule J: Your Expenses* (Official Form 6J) provides an estimate the monthly expenses, as of the date you file for bankruptcy, for you, your dependents, and the other people in your household whose income is included on *Schedule I: Your Income* (Official Form 6I). On your initial filing in Part 2 select "Initial estimate at the beginning of the case".

If you are married and are filing individually, include your non-filing spouse's expenses unless you are separated.

Do not include expenses that other members of your household pay directly from their income if you did not include that income on *Schedule I*. For example, if you have a roommate and you divide the rent and utilities and you have not listed your roommate's contribution to household expenses in line 11 of *Schedule I*, you would list only your share of these expenses on *Schedule J*.

Show all totals as monthly payments. If you have weekly, quarterly, or annual payments, calculate how much you would spend on those items every month.

Do not list as expenses any payments on credit card debts incurred before filing bankruptcy.

Do not include business expenses on this form. You have already accounted for those expenses as part of determining net business income on *Schedule I*.

On line 20, do not include expenses for your residence or for any rental or business property. You have already listed expenses for your residence on lines 4 and 5 of this form. You listed the expenses for your rental and business property as part of the process of determining your net income from that property on *Schedule I* (line 8a).

If you have nothing to report for a line, write $0.

If, after filing *Schedule J*, you need to file an estimate of expenses in a chapter 13 case for a date after your bankruptcy, you may complete a supplemental *Schedule J*. To do so you must check the "supplement" box at the top of the form and fill in the date.

### Joint Filers with Separate Households

If you are filing jointly and Debtor 1 and Debtor 2 keep separate households, fill out a separate *Schedule J* for each debtor. Check the box at the top of page 1 of the form for Debtor 2 to show that a separate form is being filed. The total from line 22 of Debtor 2's *Schedule J* should be added into the total expenses for Debtor 1 at line 22 on Debtor 1's *Schedule J*. Lines 23a, 23b, and 23c do not need to be completed on Debtor 2's *Schedule J* because total expenses and net income will be calculated on Debtor 1's *Schedule J*.

### Understand the terms used in this form

This form uses *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, this form uses *you* to ask for information from both debtors. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

### Things to remember when filling out this form

Be as complete and accurate as possible.

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

If two married people are filing together, both are equally responsible for supplying correct information.

Do not list a minor child's full name. Instead, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write A.B., a minor child (*John Doe, parent, 123 Main St., City, State*). 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m) and 9037.

**Do not file these instructions with your bankruptcy filing package. Keep them for your records.**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Official Forms 22C–1 and 22C–2

# Instructions for the Chapter 13 Statement of Your Current Monthly Income, Calculation of Commitment Period and Chapter 13 Calculation of Your Disposable Income

United States Bankruptcy Court                                                           12/01/14

---

| If you are filing under chapter 7, 11, or 12, do not fill out this form. |
|---|

## How to Fill Out these Forms

Official Forms 22C-1 and 22C-2 determine the commitment period for your payments to creditors, how the amount you may be required to pay to creditors is established, and, in some situations, how much you must pay.

You must file 22C -1, the Chapter 13 Statement *of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 22C -1) if you are an individual and you are filing under chapter 13. This form will report your current monthly income and determine whether your income is at or below the median income for households of the same size in your state. If your income is equal to or less than the median, you will not have to fill out the second form. Form 22C -1 also will determine your applicable commitment period—the time period for making payments to your creditors, unless the court orders otherwise.

If your income is above the median, you must file the second form, 22C-2, Chapter13 *Calculation of Your Disposable Income*. The calculations on this form—sometimes called the *Means Test*—reduce your income by living expenses and payment of certain debts, resulting in an amount available to pay unsecured debts. Your chapter 13 plan may be required to provide for payment of this amount toward unsecured debts.

Read each question carefully. You may not be required to answer every question on this form. The instructions will alert you if you may skip questions.

Some of the questions require you to go to other sources for information. In those cases, the form has instructions for where to find the information you need.

Generally, if you and your spouse are filing together, you should file one statement together.

## Understand the terms used in these form

These forms use you and *Debtor* 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. When information is needed about the spouses separately, the forms use *Debtor* 1 and *Debtor* 2 to distinguish between them. In joint cases, one of the spouses must report information as *Debtor* 1 and the other as *Debtor* 2. The same person must be *Debtor* 1 in all of the forms.

## Information for completing the forms

To fill out several lines of the forms, you must look up information provided on websites or from other sources. For information to complete line 16c of Form 22C-1 and lines 6-15, 30, and 36 of Form 22C-2, go to: www.justice.gov/ust/eo/bapcpa/meanstesting.htm.

If your case is filed in Alabama or North Carolina, the administrative expense multiplier mentioned at line 36 can be found at:

www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/AdministrativeExpensesMultiplier.aspx.

If you do not have a computer with internet access, you may be able to use a public computer at the bankruptcy clerk's office or at a public library.

## Things to remember when filling out this form

- Be as complete and accurate as possible.

- If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

- If two married people are filing together, both are equally responsible for supplying correct information.

Do not include these instructions when you submit your bankruptcy forms to the court. Keep them for your records.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy